UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

LAMONTA M. HILL                    CIVIL ACTION NO. 04-2554

VERSUS                             U.S. DISTRICT JUDGE ROBERT G. JAMES

PILGRIM'S PRIDE CORP.              U.S. MAGISTRATE JUDGE JAMES D. KIRK

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

This is an employment discrimination case brought by plaintiff against his former employer, Pilgrim's Pride Corporation (Pilgrim's Pride), a manager, Arliss Jones (Jones), and his supervisor, Linda Evans (Evans).  The case was referred to me by the district judge for Report and Recommendation on defendants' motion for judgment on the pleadings [**Doc. #21**].

Plaintiff seeks damages for alleged violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq.

Plaintiff began his employment with defendant in August 2000 when he was hired as a "utility employee". Plaintiff alleges that in 2001 he was promoted. He was terminated on May 17, 2004.

In his complaint, plaintiff claims that on Sunday, May 16, 2004, a day he was scheduled to work, he had to visit the emergency room for a leg injury. He contacted his supervisor and was told to bring documentation of the visit to work with him the following day. Plaintiff was released from the emergency room and told he could return to work the next day on "light duty". When he reported to work the next day, he was fired.

In his complaint, plaintiff alleges that his leg injury was a "serious medical condition" under the Act. However, the complaint does not specify the nature of the injury or describe it in any way.

Plaintiff's attorney withdrew as counsel and plaintiff has failed to enroll counsel or to oppose the instant motion.

Defendant moves for judgment on the pleadings suggesting that plaintiff has failed to adequately allege a violation of the Act in his complaint. Specifically, defendant asserts that plaintiff has not claimed a serious medical condition nor has he alleged compliance with the requirements of the Act and its regulations.

## Motions for Judgment on the Pleadings

Generally, a motion under Rule 12 (c) is treated in the same manner as a Rule 12(b)(6) motion to dismiss. The pleadings are construed liberally. The court accepts all well-pleaded material allegations of the nonmoving party as true, and views all facts and inferences in a light most favorable to the pleader. Johnson v. Johnson, 385 Fed.3d 503 (5th Cir. 2004). A Rule 12(c) motion should not be granted unless plaintiff would not be entitled to relief under any set of facts he could prove consistent with the complaint. Id.

## Discussion

The FMLA requires covered employers to provide up to 12 weeks of unpaid leave to any eligible employee who suffers from a

"serious health condition that makes the employee unable to perform the functions of the position of such employee." After a qualifying absence, the employer must restore the employee to the same position or a position comparable to that held by the employee before the leave. The leave may, in some cases, be taken on an intermittent basis rather than all at once, or the employee may work a part-time schedule.

An employer may not "interfere with, restrain or deny" an employee's FMLA rights or discriminate or retaliate against an employee for exercising such rights. <u>Chaffin v. John H. Carter Co., Inc</u>., 179 F.3d 316 (5th Cir. 1999). However, "the FMLA does not insulate the plaintiff from termination simply because she requests medical leave or is placed on medical leave." <u>Tuberville v. Personal Finance Corp</u>., 1996 WL 407571 (N.D. Miss. 1996). "An employee has no greater rights to reinstatement or to other benefits or conditions of employment than if the employee had been continuously employed during the FMLA leave." 29 C.F.R. §825.216(a).

Defendant does not dispute that plaintiff was covered by the Act or that it had to comply with the Act. However, it argues that plaintiff has not set forth a claim for the Act's violation.

Under the authority of 29 U.S.C. 2654, the Department of Labor has issued regulations for the Act. In 29 C.F.R. 825.114, it is provided that a "serious health condition" means an illness or

injury or other condition that either involves 1) inpatient care, or 2) "continuing treatment". Inpatient care requires an overnight stay in a hospital. Here plaintiff admits in his complaint that he was released by the emergency room the same day as his visit, Sunday May 16, 2004.

For there to be "continuing treatment", the Act requires that there be a period of incapacity (inability to work) for at least four days and also, treatment two or more times by a health care provider or treatment one time if it involves a regimen of continuing treatment. The only other forms of "continuing treatment" recognized by the regulations involve pregnancy or prenatal care, chronic health conditions, permanent or long-term conditions for which treatment may not be effective, or where multiple treatments are required. None of these other forms of continuing treatment are applicable here.

Plaintiff has not adequately alleged continuing treatment so as to bring his claim within the jurisdiction of this court. His complaint shows that he did not have the inability to work for four or more days nor does he allege that any follow-up treatment was required. Plaintiff would not be entitled to relief under any set of facts he could prove consistent with his complaint.

<u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that defendant's motion for judgment on the pleadings [**Doc. #21**] be GRANTED.

4

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 1st day of May, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE